**Earl David SHAFFER,**
**Plaintiff–Appellant,**

v.

**David M. COOK, Larry D. Lahman, and**
**Stephen Jones, Defendants–Appellees.**

No. 79–2201.

United States Court of Appeals,
Tenth Circuit.

Submitted Aug. 27, 1980.

Decided Nov. 5, 1980.

Earl David Shaffer, pro se.

Jan Eric Cartwright, Atty. Gen., and Manville T. Buford, Asst. Atty. Gen., the State of Oklahoma, Oklahoma City, Okl., for defendant–appellee David M. Cook.

Elliott C. Fenton of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendant–appellee, Larry D. Lahman.

James Sears Bryant, Enid, Okl., for defendant–appellee, Stephen Jones.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court dismissing appellant's complaint pursuant to Fed.R.Civ.P. 12(b)(6). The complaint was brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging violation of the appellant's civil rights. It alleged that appellee Cook (an Oklahoma state trial judge) and appellees Jones and Lahman (attorneys who were involved in a state case brought by appellant and dismissed by appellee Cook) conspired to deprive appellant of his civil rights, specifically a fair trial.

■ No allegation of the complaint indicates that appellee, Judge Cook, acted out-side the scope of the jurisdiction of his court. Thus, he is absolutely immune from liability for his judicial acts. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

■ As to the claim against the two attorneys, the district court, in dismissing the action against them, concluded that "a private person who is alleged to have conspired with a state district judge who is entitled to immunity cannot be held liable . . . ." While we agree that the conspiracy element of appellant's claim, *see Adickes v. S. H. Kress and Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970), would not be fulfilled even if appellant's allegations were true, we have recently held that the immunity of a state official will not necessarily protect a private individual alleged to have conspired with him. *Norton v. Liddel,* 620 F.2d 1375 (10th Cir. 1980). The test laid out in *Norton* to determine whether a private individual has actively conspired with an immune state official is as follows:

> It is our view that the critical inquiry in making this determination is: Has the plaintiff demonstrated the existence of a significant nexus or entanglement between the absolutely immune State official and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy? The resolution of such issues must, of necessity, be made on a case–to–case basis.

620 F.2d at 1380.

■ Appellant's only allegation supporting his conspiracy theory against the attorneys is that he saw one of them speak with the judge in the courthouse before each hearing. The complaint thus concludes that that attorney, and the other by association apparently, had defrauded him in a conspiracy with the court. Nothing in the complaint indicates that the court or the attorneys were acting outside the confines of the neutral function of a judicial forum. There is no cause of action under the Civil Rights Act in this case where the state did no more than furnish a forum to private parties and had no interest in the outcome. *See Torres*

*v. First State Bank of Sierra County,* 588 F.2d 1322, 1326 (10th Cir. 1978). We have stated before that "[l]awyers do not act under color of state law solely by engaging in private litigation on behalf of their clients." *Brown v. Chaffee,* 612 F.2d 497, 501 (10th Cir. 1979). Appellant's amended complaint fails to allege the kind of conspiratorial nexus between Judge Cook and the attorneys contemplated in *Norton* that would support a cognizable § 1983 or § 1985 non–immune conspiracy intended to deprive appellant of his constitutional rights. The *pro se* complaint was thus properly dismissed.[1] *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

Accordingly, the judgment of the district court is affirmed. The mandate shall issue forthwith.

---

**1.** Appellant's § 1985 and § 1986 claims were also properly dismissed due to appellant's failure to allege any "invidiously discriminatory motivation" of appellees. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (§ 1985); *Hahn v. Sargent,* 523 F.2d 461, 469–70 (1st Cir. 1976), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976) (§ 1986 claim is dependent upon successful § 1985 claim).