James R. MILTON, Plaintiff,

v.

Robert R. WILSON, Keith Newbold, Al H. Haas and A. Bailey Potter III, Defendants.

No. 84–C–2295.

United States District Court, D. Colorado.

April 18, 1985.

James R. Milton, pro se.

Michael McLachlan, Durango, Colo., for defendants Keith Newbold and A. Bailey Potter, III.

William F. Eggert, Denver, Colo., for defendants Robert Wilson and Al H. Haas.

## ORDER

CARRIGAN, District Judge.

James R. Milton, *pro se*, seeks damages for violation of 42 U.S.C. §§ 1983, 1985 and 1986. Defendant A. Bailey Potter III is being sued by Milton in La Plata County District Court, Case No. 84 CV 138. Defendant Keith Newbold is Potter's attorney in that action. Defendants Robert R. Wilson and Al H. Haas are Colorado District Court judges. Plaintiff has alleged that the defendants conspired to deprive him of his rights to jury trial, speedy trial, property, due process, and equal protection of the laws. Jurisdiction is founded on 28 U.S.C.

§ 1343. Defendants have moved to dismiss, under Fed.R.Civ.P. 12(b)(6), on the ground that Milton has failed to state a claim upon which relief can be granted.

▮▮▮ Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 must be dismissed. In order to state a claim under 42 U.S.C. § 1985, one must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1970). Milton has alleged no such racial animus. The claim under § 1986 is dependent on the existence of a claim under § 1985 and, therefore, it also fails. *Brown v. Chaffee*, 612 F.2d 497, 502 (10th Cir.1979).

▮▮▮ Plaintiff's claim under § 1983 must also be dismissed because the complaint is devoid of any factual allegations supporting this claim. Plaintiff merely asserts bald conclusions that the defendants have conspired to deprive him of certain constitutional rights. Although a *pro se* complaint must be construed as liberally as possible, *White v. Commissioner of Internal Revenue*, 537 F.Supp. 679 (D.Colo. 1982), every § 1983 plaintiff must satisfy minimum pleading requirements. In *Sooner v. McBride*, 708 F.2d 510, 512 (10th Cir.1983), the Tenth Circuit stated:

"When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. *Clulow v. Oklahoma*, 700 F.2d 1291, 1303 (10th Cir.1983). The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges here. *Shaffer v. Cook*, 634 F.2d 1259, 1260 (10th Cir.1980) (per curiam), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981); *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir.1980)."

▮▮ Milton filed on January 10, 1985 a response to the defendants' motions to dismiss in which he revealed the facts underlying his claims. He states that defendants Potter and Newbold filed in La Plata County District Court, Case No. 84 CV 138, a motion for continuance of trial from December 5, 1984 to April 1, 1985. Judge Wilson granted that motion. In paragraph 4 of the motion to continue, Newbold stated:

"There is currently pending in the Supreme Court of the State of Colorado a Petition for Relief in the Nature of Prohibition and/or Mandamus pursuant to Colorado Appellate Rule 21. Said petition requests that the Plaintiff not be allowed to proceed with any actions in the State Courts of Colorado without legal representation. Defendant believes it would be appropriate for the Supreme Court to issue a ruling on said Motion prior to the commencement of a jury trial in this Court."

Milton asserts in his response that this statement is false. Assuming for purposes of the motions to dismiss that paragraph 4 is in fact untrue, Milton has not made out a claim under § 1983. Judge Wilson is immune from damages under § 1983 because the decision to continue a jury trial is clearly within the scope of his judicial responsibilities. He did not act "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Plaintiff failed to allege any facts indicating that Judge Haas had anything to do with the motion to continue. As for defendants Newbold and Potter, the filing of the motion to continue in and of itself was not an action under color of state law; moreover, no facts are alleged showing that Newbold and Potter conspired with the judges so as to bring their actions under color of state law. Therefore, even if the plaintiff alleged in his complaint the facts he has asserted in his response to the motion to dismiss, all his claims would still be subject to dismissal under Rule 12(b)(6).

Accordingly,

IT IS ORDERED that the complaint and action are dismissed.

The defendants have requested an order requiring the plaintiff to pay their attorneys' fees and costs. A hearing on this request will be held in this court on May 31, 1985 at 2:00 p.m. Any party may file a brief not over 10 pages long provided it is filed at least 72 hours before the hearing.