946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert H. KETCHUM also known as Kent C. Norman, Plaintiff-Appellant,
v.
Mark FOGG, Cooper & Kelley, P.C., Attorney at Law, Defendant-Appellee.
 No. 91-1164.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Robert H. Ketchum is attempting to bring a legal malpractice action under 42 U.S.C. § 1983. Mr. Ketchum was formerly a patient at a Colorado state mental institution. In a related separate action, Mr. Ketchum is currently suing Dr. Salvador Cruz for Dr. Cruz' participation in Mr. Ketchum's commitment to that institution. The defendant here, Mr. Mark Fogg, is Dr. Cruz' attorney.
 
 
 3
 Mr. Ketchum alleges that Mr. Fogg invaded the privacy and confidentiality of his medical records. The district court dismissed this action for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In order for a plaintiff to recover under section 1983, the defendant must have acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Appellant apparently tries to satisfy this requirement by alleging that the acts were done pursuant to discovery orders and that defendant was licensed by the state to practice law. Neither of these allegations takes this case outside the general rule that "[l]awyers do not act under color of state law solely by engaging in private litigation on behalf of their clients." Brown v. Chaffee, 612 F.2d 497, 501 (10th Cir.1979); Shaffer v. Cook, 634 F.2d 1259, 1260 (10th Cir.1980). It is not possible, under the facts alleged here, for Mr. Ketchum to state a section 1983 claim against Mr. Fogg, a private attorney.
 
 
 4
 We therefore AFFIRM the district court order. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3