28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammy S. JENKINS, Plaintiff-Appellant,
v.
SECURITY SAVINGS BANK OF MICHIGAN, a Federal Savings Bank;
Allan Sorenson, Bank President; Richard D. Barish, jointly
and individually; Cynthia Trafton, jointly and
individually; Sorenson, Schutte & Rhodes, P.C., jointly and
individually, Defendants-Appellees.
 No. 93-2274.
 United States Court of Appeals, Tenth Circuit.
 June 20, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Jenkins, a pro se litigant, appeals the district court's order that dismissed Mr. Jenkins' complaint for failure to state a claim. We do not treat Mr. Jenkins' "Response to Defendant's Motion to Dismiss" as a Rule 59(e) motion, thereby accepting his Notice of Appeal as timely.
 
 
 3
 Mr. Jenkins filed his complaint against a bank, one of its officers, its board of directors, the bank's law firm, and all of its members. The first amended complaint attempted to set forth eleven causes of action. The trial court correctly concluded the complaint was "little more than a collateral attack on a state court proceeding by Plaintiff, a third party who was involved in the state action only as a witness." The first amended complaint violates every known rule relating to pleading.
 
 
 4
 The district court dismissed the complaint for its failure to state a claim upon which relief could be granted. We attach hereto a copy of the district court's thorough and accurate memorandum opinion setting forth the trial court's reasoning.
 
 
 5
 Mr. Jenkins' appeal of this order only relates to dismissal of his civil rights claims. Although we grant a pro se litigant liberal reading of his pleadings, Mr. Jenkins fails to understand the meaning of a failure to state a claim. Speaking briefly, the district court found that had Mr. Jenkins proved everything he alleged in his complaint, he still would not have established a federal claim of constitutional violation. We agree. Whatever state law violations remain, Mr. Jenkins is not entitled to use the federal courts for that litigation.
 
 
 6
 The remainder of Mr. Jenkins' brief seeks to revive difficulties he suffered with the state court's discovery orders. Apparently Mr. Jenkins sought an appeal within the state court system that was summarily dismissed. Mr. Jenkins' proper recourse is further appeal within the same system, not with the federal courts.
 
 
 7
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth in the attached Memorandum Opinion. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 8
 UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO
 
 
 9
 Sammy S. Jenkins, Sr., Plaintiff,
 
 
 10
 vs.
 
 
 11
 Security Savings Bank of Michigan, et al., Defendants.
 
 CIV 92-1313 JC/RWM
 MEMORANDUM OPINION
 
 12
 CONWAY, District Judge.
 
 
 13
 THIS MATTER came on for consideration of the Defendants' Motion to Dismiss, filed December 14, 1992 and sua sponte. The Court has reviewed the motion and memoranda submitted by the parties, and finds that the Motion is well-taken in part and will be GRANTED in part, insofar as Counts 1, 2 and 3 of Plaintiff's Complaint shall be dismissed. The Court shall permit Defendant Cynthia Trafton to join in said motion. In addition, the Court sua sponte has reviewed the Plaintiff's First Amended Complaint and finds that it is obvious that Plaintiff cannot prevail on Count 9 of such complaint and that any opportunity to amend would prove futile. Count 9 shall therefore be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. This Court shall exercise its discretion under 28 U.S.C. Sec. 1367(c)(3) and dismiss the state law claims brought under this Court's supplemental jurisdiction.
 
 I. BACKGROUND
 
 14
 This action appears to be little more than a collateral attack on a state court proceeding by Plaintiff, a third party who was involved in the state action only as a witness. Plaintiff in this action was the President, a director, and, at one time, a shareholder in Albuquerque Diversified Financial Services, Inc. (ADFS). Security Savings Bank of Michigan (Defendant Bank) issued certain credit cards to various officers of ADFS, apparently including the Plaintiff's son, Michael Jenkins. Some $40,000.00 in cash advances were made on these credit cards, and allegedly not repaid.
 
 
 15
 The Defendant Bank filed suit in Michigan and secured a judgment (apparently as a result of ADFS's default) and then filed an action in New Mexico in an effort to domesticate the Michigan judgment. In addition, the Defendant Bank also sought to obtain a judgment of personal liability against Michael Jenkins, a director and the majority shareholder of ADFS. Plaintiff in this action was not included in the suit filed by the Defendant Bank because he had discharged his indebtedness in a Chapter 7 bankruptcy proceeding before Bankruptcy Judge Rose. The Michigan judgment was domesticated by Order of the Second Judicial District on May 3, 1990.
 
 
 16
 During the course of the State Court action, Plaintiff was deposed. Plaintiff allegedly walked out of the deposition and was sanctioned by the Judge in the State Action. This suit, as well as several appeals and other suits filed in State Court, was filed by Plaintiff in an apparent attempt to attack the validity of the Order issued by the State Judge, to allege deprivation of certain of Plaintiff's constitutional rights as a result of the deposition and State Court action, and to assert various state law claims against the Defendant Bank and its law firm. In its First Amended Complaint, which purports to incorporate the original complaint (which sets out seven separate counts) in its entirety, Plaintiff asserts the following causes of action:
 
 
 17
 Count # Title
 1 Violation of Federal Unfair Trade Practice Laws
 2 Unfair and Deceitful Trade Practices
 3 Violation of Civil Rights
 4 Libel and Slander
 5 Conspiracy
 6 Malicious Abuse and Use of Process
 7 Civil Fraud
 8 Extortion and Threats
 9 Invasion of Privacy
10 False Advertising
11 Attorney Deceit and Collusion
 
 
 18
 This Court need only address Counts 1, 2, 3 and 9, as these are the only causes of action which, from a very liberal reading of the Complaint and Amended Complaint could reasonably be considered to present causes of action potentially capable of conferring federal subject matter jurisdiction under 28 U.S.C. Sec. 1331. While the Court notes that certain federal statutes may provide a cause of action for some types of false advertising, Plaintiff has plead Count 10 in such a cursory manner that it is impossible to determine what type of false advertising is being alleged. It should be noted at the outset that Plaintiff concedes a lack of complete diversity insofar as Plaintiff and several of the Defendants are admitted to be New Mexico Residents. Subject matter jurisdiction, therefore, does not lie under 28 U.S.C. Sec. 1332.
 
 
 19
 II. STANDARD FOR CONSIDERATION OF A MOTION TO DISMISS
 
 
 20
 Generally, motions to dismiss for failure to state a claim are viewed with disfavor and therefore are rarely granted. 5 Wright and Miller, Federal Practice and Procedure Sec. 1357 (1990). In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, and take the allegations asserted in the complaint as true. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
 
 
 21
 The district court should not grant a motion to dismiss for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
 
 
 22
 In addition, because the Plaintiff in this action is appearing pro se, the Court must keep in mind additional considerations while reviewing the motion to dismiss.
 
 
 23
 A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant. The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging specific facts on which a recognized legal claim could be based.... [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no specialized legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.
 
 
 24
 Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (citations and footnote omitted).
 
 
 25
 It should also be noted that while the Court is undertaking a review of the First Amended Complaint sua sponte, the only potential federal claim presented in the First Amended Complaint is the allegation of invasion of privacy.
 
 
 26
 Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend would be futile."
 
 
 27
 Id. Because Plaintiff's privacy claim fails for the same reasons as his other civil rights claims, and because plaintiff has previously been put on notice of the deficiencies in his civil rights claims by the Defendant's Motion to Dismiss, the Court finds that the First Amended Complaint is patently deficient on its face, and that any opportunity to amend would prove futile.
 
 III. PLAINTIFF'S CLAIMS
 
 28
 A. Violation of Federal Unfair Trade Practice Laws
 
 
 29
 Plaintiff has conceded in his response to Defendants' motion that "[t]he FTC unfair trade practices regulation does not extend directly to Federal Savings Banks." Plaintiff's Response p. 8. While it is unclear what other unfair trade practice law Plaintiff wishes to assert, he seems to be attempting to be claiming a cause of action under the regulations of the Office of Thrift Supervision. Because a private cause of action clearly does not exist under these regulations, Count 1 of Plaintiff's Complaint shall be dismissed.
 
 B. Unfair and Deceitful Trade Practices
 
 30
 Count 2 of Plaintiff's Complaint appears to be asserting a cause of action under the Fair Debt Collection Practices Act. 15 U.S.C. Sec. 1692 et seq. The Bank Defendant and its officers and employees are clearly exempted from the terms of the Act as, respectively, a creditor and officers and employees of the creditor collecting a debt in the name of the creditor. 15 U.S.C. Sec. 1692a(6)(A).
 
 
 31
 The law firm and the individually named attorneys are also beyond the purview of the Act because they were acting in a litigation capacity as attorneys for the creditor, and not in the capacity of debt collectors. See Fireman's Insurance Co. v. Keating, 753 F.Supp. 1137, 1142 (S.D.N.Y.1990) ("The purpose of removing the attorney exemption was not, however, to sweep within the scope of the term 'debt collector' those attorneys acting in the role of legal counsel while representing clients"). Plaintiff has failed to set out any facts which would show a violation of the Fair Debt Collection Practices Act, and therefore Count 2 of Plaintiff's Complaint must be dismissed.
 
 
 32
 C. Violation of Civil Rights and Invasion of Privacy
 
 
 33
 Plaintiff's complaints do not make clear the nature of the constitutional claims that he is seeking to bring against the Defendants in this action. However, whether Plaintiff seeks to assert a cause of action under 42 U.S.C. Sec. 1983 or a direct action under the 14th Amendment, his allegations fall well short of the requirements of either theory. To raise a constitutional claim, the Plaintiff must assert "that the defendants acted under color of state law to deprive him of a constitutional right." Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). In this case, Plaintiff has failed to show that "defendants acted under color of state law." The Supreme Court uses a two-part test to determine whether an action is attributable to the state,
 
 
 34
 First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.
 
 
 35
 Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). In this case there is no allegations that any state actors were involved in the alleged harm to the Plaintiff. In fact, the only possible relation to the state is the fact that Plaintiff was subjected to a deposition by order of the State Court. Under well-settled law, an attorney does not become a state actor merely because he is litigating on behalf of a client in a state forum. See Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983),
 
 
 36
 [P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.... Use of the court device of a subpoena duces tecum is no more joint action between the private attorney and the court than was the allegedly improper taking of a deposition in Skolnick v. Martin, 317 F.2d 855 (7th Cir.1963). If an attorney does not become a state actor merely by virtue of instigating state court litigation, then the attorney does not become a state actor merely by employing state authorized subpoena power.
 
 
 37
 Furthermore, there is no state action where the state does nothing but provide a forum for the adjudication of private interests. Shaffer v. Cook, 634 F.2d 1259, 1260 (10th Cir.1980) cert. den. 451 U.S. 984 (1981) ("There is no cause of action under the Civil Rights Act in this case where the state did no more than furnish a forum to private parties and had no interest in the outcome").
 
 
 38
 Having failed to find any possible state action under the facts alleged by the Plaintiff, this Court has no choice but to dismiss Plaintiff's Counts 3 and 9 for failure to state a claim upon which relief can be granted.
 
 IV. CONCLUSION
 
 39
 In summation, Plaintiff has failed to allege a cause of action for which relief can be granted in any of the Counts alleging potentially federal claims. Plaintiff has not asserted a cause of action under a federal statute, nor has Plaintiff plead any state action which could lead to a valid constitutional claim. Therefore, this Court has no choice but to dismiss Counts 1, 2, 3 and 9 of Plaintiff's First Amended Complaint. Having no remaining basis for federal jurisdiction in this matter, the Court shall dismiss the remaining state law claims so that they may be filed in an appropriate forum.
 
 
 40
 An order in accordance with this opinion shall be entered.
 
 August 31, 1993
 
 41
 Counsel for: Plaintiff--Sammy S. Jenkins, Sr.
 
 Appearing pro se
 Defendants--Richard D. Barrish
 SORENSON, SCHUTTE & RHODES
 Larry D. Beall
 BEALL, BIEHLER & BANNERMAN
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470