**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH A. VENTO,

      Plaintiff-Appellant,

v.

COLORADO NATIONAL BANK;
C. JEAN STEWART; DAVID W.
STARK; JACK M. MERRITTS,

      Defendants-Appellees.

No. 98-1236
(D.C. No. 97-S-463)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Joseph A. Vento appeals from the district court's order adopting the magistrate judge's recommendation to dismiss his complaint brought pursuant to 42 U.S.C. §§ 1983 & 1988. [1] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff brought suit in federal court against defendants, Colorado National Bank (CNB), Stark and Merritts, alleging that they conspired with defendant Stewart, a Denver Probate Court judge, to file a vexatious interpleader action in the Denver Probate Court. In 1993, plaintiff and his sister obtained a judgment against CNB in the District Court in Pueblo County, Colorado. The Colorado Court of Appeals affirmed the judgment on appeal. See Vento v. Colorado Nat'l Bank-Pueblo, 907 P.2d 642 (Colo. Ct. App. 1995). On December 11, 1995, the Colorado Supreme Court denied certiorari. On December 29, 1995, CNB filed the interpleader action seeking to interplead the amount of the Pueblo District Court judgment because of competing claims on the judgment, including claims by trusts owned by other members of plaintiff's family. Plaintiff claims the interpleader action was filed to prevent him from collecting the Pueblo District Court judgment. Defendant Stewart, acting in her capacity as a Denver Probate Court judge, entered an order on January 3, 1996, granting CNB's request to

---

[1] By order dated September 29, 1998, the appeal from the district court's award of sanctions and attorney fees was dismissed.

interplead the funds and enjoining all claimants, including Joseph Vento, from taking any action to collect the Pueblo District Court judgment.

Plaintiff then filed this lawsuit alleging his federal civil rights were violated by CNB, defendant Stark (the attorney who represented CNB in the interpleader action), defendant Merritts (the attorney who represented other claimants on the Pueblo District Court judgment), and defendant Stewart (the Denver Probate Court judge assigned to the interpleader action).

We review de novo an order dismissing a complaint for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, using the same standard applied by the district court. See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary, 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted).

Plaintiff's claims against Judge Stewart, a state court judge, raise the issue of judicial immunity. "[A] state judge is absolutely immune from § 1983 liability

except when the judge acts 'in the clear absence of all jurisdiction.'" Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Plaintiff maintains that the Denver Probate Court had no jurisdiction over the interpleader action, relying on Rule 22 of the Colorado Rules of Civil Procedure and other rules. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356. Neither a judge's "commission of grave procedural errors," id., at 359, nor her action "in excess of [her] authority," id. at 356, will deprive the judge of immunity. A judge acts in the clear absence of all jurisdiction when she "acts clearly without any colorable claim of jurisdiction." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990). We need not decide whether the Denver Probate Court had jurisdiction over the interpleader action because we find that under Colo. Rev. Stat. § 13-9-103(5), granting jurisdiction to the Denver Probate Court over "every legal and equitable question arising out of or in connection with express trusts," Judge Stewart had at least colorable jurisdiction sufficient to invoke judicial immunity. Therefore, Judge Stewart cannot be held liable under § 1983.

To state a claim under § 1983 plaintiff must show that defendants acted under color of state law. See Haines v. Fisher, 82 F.3d 1503, 1508 (10th Cir. 1996). Plaintiff recognizes that CNB, Stark and Merritts are private parties, not

public actors subject to liability under § 1983, but he alleges that they acted under color of state law by engaging in joint activity and/or a conspiracy with Judge Stewart who is a state actor, to violate his rights. "[T]he immunity of a state official will not necessarily protect a private individual alleged to have conspired with [her]." Shaffer v. Cook , 634 F.2d 1259, 1260 (10th Cir. 1980). The test is whether "the plaintiff [has] demonstrated the existence of a significant nexus or entanglement between the absolutely immune State official and the private part[ies] in relation to the steps taken by each to fulfill the objects of their conspiracy[.]" Norton v. Liddel , 620 F.2d 1375, 1380 (10th Cir. 1980).

Plaintiff alleges that the following circumstances demonstrate that the private party defendants and Judge Stewart conspired to violate his rights: plaintiff was not granted a continuance of the January 3, 1996 hearing, he was not given sufficient time to respond to the complaint, and Judge Stewart made statements and rulings with which he disagreed. We hold that these "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim," Hunt, 17 F.3d at 1266 (quotation omitted), and that they do not "allege the kind of conspiratorial nexus" to support a "conspiracy intended to deprive [plaintiff] of his constitutional rights." Shaffer , 634 F.2d at 1261. Because plaintiff has failed to demonstrate a conspiracy between the private party defendants and a state actor, their conduct is not covered by § 1983.

Plaintiff's final argument is framed as a claim that he was deprived of his property through state action without due process of law. Even if plaintiff was deprived of his property, see Vento v. Colorado Nat'l Bank, No. 97CA1814, 1999 WL 46924 (Colo. Ct. App. Feb. 4, 1999) (noting that Denver Probate Court held that plaintiff was entitled to receive approximately $2.9 million from the interpled funds), his arguments to this court demonstrate only a disagreement with the state court's decisions. Therefore, we invoke the Rooker-Feldman doctrine, which prohibits federal district courts from hearing federal claims whose only purpose is to obtain review of state court judgments when review should be achieved through appellate review in the state court system. See Kiowa Indian Tribe v. Hoover, 150 F.3d 1163, 1165 (10th Cir. 1998).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-6-