**SOONER PRODUCTS COMPANY, an Oklahoma corporation, Plaintiff-Appellant,**

v.

**Paul McBRIDE, R. Dow Bonnell, W.C. Sellers, James M. Sturdivant, Wilbur L. Dunn, Richard D. Pittenger, Geraldine Pittenger, George L. Brown, Citizen's Security Bank of Bixby, a State Banking Corporation in Oklahoma, Arch Investments, Inc., an Oklahoma Corporation, Arch Manufacturing Company, an Oklahoma Corporation, Pittenger Sintered Products, Inc., an Oklahoma Corporation, and Lenco, Inc., a Missouri Corporation, Defendants-Appellees.**

No. 81–1842.

United States Court of Appeals, Tenth Circuit.

May 16, 1983.

Earl W. Wolfe, Tulsa, Okl. (Craig R. Tweedy, Sapulpa, Okl., with him on the brief), for plaintiff-appellant.

Kenneth D. Bodenhamer of Morrel, Herrold & West, Inc., Tulsa, Okl., for defendants-appellees, Richard D. Pittenger, Geraldine Pittenger, Pittenger Sintered Products, Inc., R. Dow Bonnell and Paul McBride.

Oliver S. Howard of Gable & Gotwals, Tulsa, Okl., for defendants-appellees, Arch Investments, Inc., Arch Mfg. Co., Wilbur L. Dunn, James M. Sturdivant and Lenco, Inc.

Ed Parks III of Parks & Buck, Tulsa, Okl., submitted briefs for defendant-appellee, W.C. Sellers.

Robert L. Roark of Chapel, Wilkinson, Riggs, Abney & Henson, Tulsa, Okl., submitted a brief for defendants-appellees, George L. Brown and Citizen's Sec. Bank of Bixby.

Before SETH, Chief Judge, and BREITENSTEIN and BARRETT, Circuit Judges.

PER CURIAM.

Sooner Products Co. (Sooner) brought an action under 42 U.S.C. §§ 1983, 1985 and 1986 (1976) against numerous defendants in the United States District Court for the Northern District of Oklahoma. Pursuant to Fed.R.Civ.P. 12(b)(6), all defendants filed motions to dismiss the complaint for failure to state a claim upon which relief could be granted. The district court allowed Sooner to amend its complaint under Fed.R.Civ.P. 15(a). The defendants then moved to dismiss the amended complaint. On May 14, 1981, the district court granted the motions to dismiss in favor of all the defendants. On May 26, 1981, Sooner filed a motion for leave to file a second amended complaint under Fed.R.Civ.P. 15(a). The district court denied that motion on June 23, 1981. On July 23, 1981, Sooner filed its notice of appeal of the orders of May 14 and June 23.

Sooner contends that the order of May 14 was not a final, appealable order, and therefore its notice of appeal filed on July 23 was timely. We disagree. In order to determine whether a trial court's dismissal of a complaint is a final, appealable order, we must scrutinize the order to determine whether the trial court intended to dispose of the plaintiff's entire cause of action. *Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir.1979); *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir.1979) (per curiam). A review of the May 14 order reveals the clear intent of the district court to extinguish Sooner's entire cause of action. The May 14 order was final and appealable at that time.

Under Fed.R.App.P. 4(a)(1), a party is required to file its notice of appeal within thirty days after the date of entry of the order which is appealed. Sooner did not file its notice of appeal until well over thirty days beyond the entry of the May 14 order. Sooner's motion for leave to amend its complaint was not a motion that would toll the running of that time period under Fed.R.App.P. 4(a)(4). Nor did Sooner file a motion for extension of time for filing a notice of appeal under Fed.R.App.P. 4(a)(5). Thus, because Sooner's notice of appeal was therefore untimely with respect to the May 14 order, we have no jurisdiction over the appeal of that order. *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Glass v. Pfeffer*, 657 F.2d 252, 254 (10th Cir.1981).

■ The only issue before us, therefore, is whether the trial court erred in denying Sooner's motion for leave to file a second amended complaint. The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); however, since Rule 15(a) requires that leave to amend be "freely given when justice so requires", the trial court generally must justify its denial of such a motion. *Foman, supra*, 371 U.S. at 182, 83 S.Ct. at 230; *Childers v. Independent School District No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982). One of the reasons which will justify the denial of leave to amend is "futility of amendment". *Foman, supra*, 371 U.S. at 182, 83 S.Ct. at 230.

In its original complaint, Sooner alleged an elaborate conspiracy among numerous private defendants, but wholly failed to allege any action under color of state law, an essential element of a suit under 42 U.S.C. § 1983 (1976). *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978). Sooner attempted to cure that defect in its first amended complaint by alleging that three Oklahoma state court judges were involved in the conspiracy. In its second amended complaint, brought under 42 U.S.C. § 1983 only, Sooner made essentially the same allegations. The trial court found that the "conclusory allegations" in the second amended complaint failed to cure the defects present in the first amended complaint. Inasmuch as the second amended complaint would also be subject to dismissal for failure to state a claim, the trial court considered the amendment to be futile and denied the motion for leave to amend.

■ When a plaintiff in a § 1983 action attempts to assert the necessary "state action" by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. *Clulow v. Oklahoma*, 700 F.2d 1291, 1303 (10th Cir.1983). The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges here. *Shaffer v. Cook*, 634 F.2d 1259, 1260 (10th Cir.1980) (per curiam), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981); *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir.1980).

■ As did the two prior complaints, the second amended complaint reveals that the sole basis of Sooner's suit is a private conspiracy. Nowhere does Sooner allege facts tending to show that the state court judges agreed with the private conspirators and acted in concert with them. The second amended complaint does no more than allege that the judges were aware of and involved in the conspiracy. The only facts averred in support of that allegation are that the judges ruled against Sooner and one of the judges later retired from the bench and joined a law firm which had been involved in the state court litigation.

We agree with the trial court that Sooner's conclusory allegations are, as a matter of law, insufficient to demonstrate any conspiratorial nexus. *Clulow, supra*, 700 F.2d at 1303; *Shaffer, supra*, 634 F.2d at 1260. The trial court correctly concluded that to grant leave to file the second amended complaint would have been futile, because it would have been subject to dismissal for failure to state a claim. *Foman, supra*, 371 U.S. at 182, 83 S.Ct. at 230. There was no abuse of discretion. The order of the trial court is affirmed.