John JOHNSON, Jr., Plaintiff,

v.

L.E. BRUCE, et al., Defendants.

No. 90–3421–S.

United States District Court,
D. Kansas.

Aug. 9, 1991.

John Johnson, Jr., pro se.

Martha M. Snyder, Office of the Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' answer, which incorporates a motion for dismissal, and on plaintiff's response. In this pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983, plaintiff, an inmate housed at the Lansing Correctional Facility, Lansing, Kansas, claims his constitutional rights were violated when he was served undercooked chicken in June 1990 while an inmate at the Norton Correctional Facility, Norton, Kansas ("NCF"). Plaintiff further alleges he was improperly denied medical care and religious freedom and claims due process violations occurred in disciplinary proceedings, placement in administrative segregation, custody classification, work assignments, and loss of statutory good time. He seeks damages and a protective order.

Having reviewed the record in this matter, the court makes the following findings and order.

### Factual Background

1. Food service and medical care

On June 14, 1990, a number of inmates at NCF complained of undercooked chicken served at the evening meal. Although plaintiff was not among those identified in the Interdepartmental Memorandum regarding this complaint, he appeared at the facility's infirmary on the following day and complained he was suffering from salmonella-based food poisoning. Plaintiff was admitted to the infirmary for observation and tests; however, infirmary staff noted no symptoms associated with food poisoning during plaintiff's stay, and all test results were within normal ranges. On that evening, plaintiff refused to remain in the infirmary and became disruptive. Disciplinary measures were instituted as a result of this behavior.

2. Religious services

Muslim religious services are available to inmates at NCF and include Al Juma prayer services at 7:00 p.m. on Fridays. Although plaintiff requested these services be set at 1:00 p.m. on Fridays, the later time was scheduled due to potential disruptions of institutional work and education programs. These services began in November 1989, shortly after plaintiff's request.

### Discussion
### Food service and medical care

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts to demonstrate two elements: (1) that the defendant has deprived him of a right secured by the Constitution and laws of the United States and (2) that the deprivation was "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Having closely examined the record, the court finds plaintiff's allegations are insufficient to state a claim of a constitutional violation concerning either the quality of food served on June 14, 1990, or the medical care plaintiff received on June 15, 1990.

An inmate may state a valid § 1983 claim where a correctional facility fails to provide nutritionally adequate food in conditions that do not endanger the health and well-being of inmates. *Ramos v. Lamm*, 639 F.2d 559, 570–71 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Here, however, the record in the case wholly fails to support plaintiff's allegations. It is unclear whether plaintiff actually consumed undercooked chicken, and there is virtually no evidence that plaintiff became ill. Plaintiff was admitted promptly to the infirmary for observation upon his complaint of illness and appropriate tests were performed. While it is established that a number of inmates reported undercooked food, it is clear this was an isolated occurrence which resulted despite good faith efforts to maintain satisfactory conditions. There is no indication of deliberate indifference to plaintiff's needs, and therefore this claim is without merit. *Wilson v. Seiter*, — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (prisoner alleging his conditions of confinement violate prohibition of cruel and unusual punishment must show deliberate indifference on part of responsible officials).

*Religious services*

It is well settled that inmates retain the right to the free exercise of religion under the First Amendment. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). However, this right, and other constitutional rights of inmates, may be limited by governmental interests, and where a decision by corrections officials interferes with a prisoner's constitutional rights, the decision "is valid if it is reasonably related to legitimate penological interests." *Id.* at 349, 107 S.Ct. at 2404.

Factors relevant to the analysis of reasonableness include (1) whether there is a logical connection to the governmental interest invoked to justify the decision; (2) whether alternative means of exercising the constitutional right remain open to inmates; (3) the impact of accommodating the constitutional right on staff and other inmates and the allocation of prison re-

sources; and (4) whether the policy represents an exaggerated response to institutional concerns. *Turner v. Safley*, 482 U.S. 78, 89–90, 107 S.Ct. 2254, 2262–63, 96 L.Ed.2d 64 (1987).

The factual background of plaintiff's claim is similar to that considered by the Supreme Court in *O'Lone*. In that case, prison inmates, members of the Islamic faith, challenged two policies adopted by New Jersey prison officials which prevented inmates from attending Al Juma services held on Friday afternoons. Reviewing this challenge in light of the four factors set forth in *Turner*, the Court found the policies acceptable, noting the inmates had access to other Muslim religious ceremonies and accepting the judgment of prison officials that proposed alternatives, such as providing weekend work detail for Muslim inmates, would unduly burden the institution.

Here, plaintiff claims his First Amendment freedom of exercise is violated by the decision to conduct Al Juma services on Fridays at 7:00 p.m. This decision is acceptable under the *Turner* analysis. First, the decision to conduct these services after work and educational programs is clearly reasonably related to the institutional interest in avoiding disruptions in the programs. The schedule adopted permits inmates to attend Al Juma services, and the court need not evaluate the alternatives available to inmates. The impact on staff of conducting services at a different hour is not clear from this record; however, it appears likely this schedule would require additional staff. It further appears that removing inmates from regular work details and educational programs could have an adverse impact. Finally, the decision to maintain regular work and educational programs is not an exaggerated response to the legitimate and serious concerns regarding disruption. The court finds the institution's response to the request for Al Juma services is reasonable and concludes plaintiff is entitled to no relief on this claim.

*Claims of Discrimination and Conspiracy*

To the extent plaintiff contends prison officials have conspired to discrimi-

nate against him on the basis of his race and religion and to deprive him of due process and equal protection, the court finds his complaint fails to state a claim. The complaint fails to identify any factual basis for these assertions and alleges only that these infringements occurred during 1989 and 1990 and involved all employees and staff. In order to allege a conspiracy, plaintiff must present factual allegations which tend to show an agreement and concerted action. *Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir.1983). *See also Wise v. Bravo*, 666 F.2d 1328 (10th Cir.1981) (plaintiff proceeding under § 1983 may not rest on vague and conclusory allegations).

 Finally, to the extent plaintiff bases his claim for relief on his allegations of mental suffering, he fails to state a claim cognizable under § 1983. *Taylor v. Nichols*, 409 F.Supp. 927, 936 (D.Kan.1976).

IT IS THEREFORE ORDERED this action is hereby dismissed and all relief denied.

IT IS FURTHER ORDERED defendants' motion for costs and attorneys' fees is denied.