**Jouett Edgar ARNEY, Plaintiff,**

v.

**Michael HAYDEN, et al., Defendants.**

**No. 88–3125–S.**

United States District Court,
D. Kansas.

March 13, 1992.

Jouett Edgar Arney, pro se.

Carol R. Bonebrake, Office of Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Secretary of the Kansas Department of Corrections. Plaintiff commenced this action in April 1988 while housed at the Lansing Correctional Facility, Lansing, Kansas. In this action, plaintiff alleges the named defendants, the former Governor of the State of Kansas and officials of the Kansas Department of Corrections, threatened him with physical abuse and subjected him to retaliatory acts including the issuance of a disciplinary report. Plaintiff alleges these acts were in response to his activities as a litigant in *Arney v. Hayden*, 766 F.Supp. 934 (D.Kan. 1991), a class action involving the conditions of confinement in the Kansas state prison system, his request for an investigation by the Federal Bureau of Investigation and Department of Justice into the March 1988 death of inmate Nathaniel Mosley; and his activities regarding his 1988 presidential campaign. He seeks declaratory and injunctive relief, punitive damages in excess of $10,000.00, a jury trial, and other relief.

Defendants filed an answer and *Martinez* report in this matter on September 28, 1988, and plaintiff filed a motion and affidavit in response. Having examined the record, the court makes the following findings and order.

## Discussion

The gravamen of this action is plaintiff's allegation the named defendants acted in concert to cause him harm in retaliation for his efforts to litigate claims of unconstitutional conditions of confinement and to seek an investigation of alleged incidents of excessive force against inmates.

■■■ It is beyond dispute that an inmate must not be subject to retaliation or harassment for pursuing his legal claims. *See, e.g., Smith v. Maschner*, 899 F.2d 940, 947–48 (10th Cir.1990); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989); *Franco v. Kelly*, 854. F.2d 584, 590 (2d Cir.1988). Here, however, plaintiff has asserted only bald claims that there was a conspiracy to retaliate against him on any such basis. In order to allege a conspiracy, plaintiff must present factual allegations which tend to show an agreement and concerted action. *Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir.1983). Plaintiff's claim is without factual support in the record and will not withstand defendants' request for dismissal of this action. *See Cotner v. Hopkins*, 795 F.2d 900 (10th Cir.1986) (pro se claim appropriately dismissed where allegations conclusory and unsupported by underlying facts).

A close review of the record demonstrates plaintiff's claims of threats of physical abuse and retaliatory disciplinary action are not well-supported.

### 1. Threat of physical abuse

■■ According to his affidavit, plaintiff's claim of threatened physical abuse stems from a conversation with his Unit Team Manager, Lawrence Chai, on March 11, 1988, shortly before plaintiff was to testify in federal court. Plaintiff inquired whether he would be permitted to leave his per-

sonal property in his cell as he would be away from the facility for only one day.[1] Upon being advised his property would be packed and moved, plaintiff protested and was advised he could move voluntarily or he would be moved. (Doc. 13, Plaintiff's Affidavit, pp. 3–4). While plaintiff interprets this response as a threat of physical harm, the court finds no reasonable support for this construction. There is no indication of an intent to cause physical injury to plaintiff, moreover, the record reflects that plaintiff ultimately was allowed to return to his housing unit after his court attendance, contrary to a general policy that inmates transported away from the facility for federal court appearances are housed in Topeka, Kansas, for the duration of the proceedings. Plaintiff has not alleged his property was lost, destroyed, or even disturbed during his absence from the facility, and the court finds no basis for his claim of either threatened harm or retaliation for his participation in court proceedings.

### 2. Retaliation for requesting investigation

■ Plaintiff next claims he was subjected to retaliatory disciplinary action following his request for an investigation by federal authorities. This claim arises from a disciplinary report prepared after plaintiff circulated material for inmates' signatures which included a letter of gratitude to appointed counsel for the inmate class in *Arney v. Hayden* and a request for an investigation of an inmate death which stated the inquiry would enable the Department of Justice to "hopefully prosecute those responsible for his killing." (Complaint, attached memorandum dated March 25, 1988)[2]

Plaintiff received a verbal warning about the content of this message on the ground

officials believed the characterization of corrections officers as having murdered the inmate was inflammatory (Doc. 13, Plaintiff's Affidavit, p. 4);[3] plaintiff also received a disciplinary incident report for violation of Kansas Administrative Regulation 44–12–602, which prohibits inmates from posting or otherwise disseminating writings without the written approval of the principal administrator. After an administrative hearing, however, plaintiff was found not guilty of a violation.

Viewing the record as a whole, the court finds plaintiff is entitled to no relief. The disciplinary action in question is reasonable on its face, and it is evident plaintiff received an appropriate hearing. No inference of retaliatory motive is supported by these circumstances.

For the reasons set forth, the court concludes plaintiff has failed to establish any basis for imposing liability on the defendants.

IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief denied.

---

1. Plaintiff hoped to avoid having his property packed and stored, an anti-theft practice necessitated by the open cell structure of his cellhouse at that time, which did not feature a door for each cell.

2. Inmate Nathaniel Mosley, 25, died at the Lansing Correctional Facility on March 23, 1988. The final diagnosis of the cause of his death was

sickle cell anemia with acute sickle cell crisis and pulmonary edema. (*Martinez* report, Ex. 6)

3. Plaintiff's affidavit quotes Captain Vogel, a defendant in this action as shouting, "I don't give a damn about you writing thank you letters to attorney and justice department people, but what I do care about and object to is YOU (Arney) calling MY officers killers."