989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond P. CABUTUTAN, Plaintiff-Appellant,
v.
Quinn D. HUNSAKER, Defendant-Appellee.
 No. 92-4086.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This case comes before us on the district court's 28 U.S.C. § 1915(d) dismissal of the appellant's civil rights claims under 42 U.S.C. §§ 1983, 1981, 1985(3) and 1986.[1] We affirm the district court's order as to the appellant's Section 1981, 1985(3) and 1986 claims but remand for further proceedings with respect to the appellant's Section 1983 claim.
 
 
 2
 On October 26, 1989, the appellant, Raymond P. Cabututan, was arrested and charged with second degree murder, aggravated assault, and threatening or using a dangerous weapon in a fight or quarrel. The appellee, Quinn D. Hunsaker, acted as a public defender and represented the appellant at trial in Box Elder County, Utah. The appellant was convicted and is currently incarcerated at the Utah Central Correctional Facility in Gunnison, Utah.
 
 
 3
 On February 12, 1992, the appellant filed this pro se civil rights action in the United States District Court for the District of Utah. He alleges that the appellee violated his constitutional rights in the course of representing him at trial.[2] The district court referred the action to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate issued a Report and Recommendation on March 20, 1992, advising that the complaint should be dismissed under 28 U.S.C. § 1915(d). The appellant subsequently filed objections to the magistrate's report. The district court adopted the magistrate's Report and Recommendation in full on April 21, 1992.
 
 
 4
 Under 28 U.S.C. § 1915(d), a claim is to be dismissed only if it is found to be "frivolous or malicious."[3] We review the dismissal of an action under 28 U.S.C. § 1915(d) for an abuse of discretion. LaFevers v. Saffle, 936 F.2d 1117, 1118 (10th Cir.1991). "Whenever a plaintiff states an arguable claim for relief, dismissal for frivolousness under § 1915(d) is improper, even if the legal basis underlying the claim is incorrect." McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991).[4]
 
 
 5
 I. The Claims Under 42 U.S.C. §§ 1981, 1985(3) and 1986
 
 
 6
 The district court properly dismissed the appellant's claims under 42 U.S.C. §§ 1981, 1985(3) and 1986. The appellant failed to allege any racial or class based discriminatory animus as required by § 1981,[5] General Building Contractors v. Pennsylvania, 458 U.S. 375, 391 (1982) (cited in Patrick v. Miller, 953 F.2d 1240, 1250 (10th Cir.1992)), and § 1985(3), Griffen v. Breckenridge, 403 U.S. 88, 102 (1971).[6] In addition, the appellant's § 1986 claim was correctly dismissed because there can be no liability for failing to prevent a civil rights conspiracy under § 1986 where there is no valid claim of conspiracy under § 1985(3). Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir.1977).
 
 II. The Claim Under 42 U.S.C. § 1983
 
 7
 The magistrate recommended, and the district court ordered, the dismissal of the appellant's § 1983 claims because they concluded that "[a]n attorney acting as a public defender in a criminal case does not act under color of state law within the meaning of 42 U.S.C. § 1983." The magistrate cited Polk County v. Dodson, 454 U.S. 312 (1981) and Brown v. Chaffee, 612 F.2d 497 (10th Cir.1979). While this statement of the law is generally correct, the district court failed to note the more recent Supreme Court case of Tower v. Glover, 467 U.S. 914, 923 (1984) in which it was held that
 
 
 8
 public defenders are not immune from liability in actions brought by a criminal defendant against state public defenders who are alleged to have conspired with state officials to deprive the § 1983 plaintiff of federal constitutional rights.
 
 
 9
 In the instant case, the district court failed to consider the appellant's claims of a conspiracy between the appellees and the prosecutor in determining whether the appellee was acting under color of state law.[7] This court has spoken to the level of proof necessary to establish state action by asserting a conspiracy between private defendants and state officials. A court must proceed with caution when considering the pre-trial dismissal of conspiracy allegations in civil rights proceedings because of the difficult nature of the proof involved. Fisher v. Shamburg, 614 F.2d 156, 162 (10th Cir.1980). However, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983). "The standard is even stricter where the state officials involved in the conspiracy are immune from suit." Id. at 512. As we set out in Norton v. Liddel, 620 F.2d 1375, 1380 (10th Cir.1980), the plaintiff must demonstrate "the existence of a significant nexus or entanglement between the absolutely immune state official and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy."
 
 III. Conclusion
 
 10
 Since the court failed to consider whether the appellee conspired with the prosecutor to deny the appellant his constitutional rights, we find that it abused its discretion in dismissing the Section 1983 claim. Accordingly, we REMAND for the district court to reconsider its dismissal of the appellant's Section 1983 claims in light of this opinion. In all other respects the district court's order is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Subsequent to the filing of this appeal, the appellant has filed in this court a Motion for Voluntary Dismissal. He requests that we dismiss his claim without prejudice, representing that the defendant, Quinn Hunsaker, was found dead sometime between January 14th and January 22, 1993. He seeks dismissal without prejudice so that he can file a subsequent complaint with his coconspirators in the underlying case
 The appellant's motion is denied. In its dismissal of the complaint under § 1915(d), the lower court reached the merits of the appellant's claims and therefore, as the case comes before us, dismissal of the complaint without prejudice is inappropriate. Furthermore, the case is not rendered moot by the death of the defendant as his estate may still be liable for any constitutional violations. Accordingly, we remand to the district court for further proceedings consistent with this opinion. However, we note for the appellant's instruction that upon remand the merits of his claims are reopened and the district court may at that time entertain a motion to dismiss without prejudice should the appellant choose to renew his motion there to dismiss his complaint.
 
 
 [2]
 Among the appellants claims are that the appellee failed to: request a venue change in light of pretrial publicity, request a new jury after he was informed of prejudicial remarks made by some jurors, impeach or object to the testimony of contradictory eyewitnesses, object to violations of the exclusionary rule, keep out perjured testimony, move for a racially balanced jury, or move for a new trial. In addition, the appellant claims the appellee was "related through marriage" to the state's attorney, represented some of the jurors as a private attorney, refused to argue self-defense as the appellant requested, and incompetently directed his appeal
 
 
 [3]
 28 U.S.C. § 1915 provides with respect to in forma pauperis proceedings that "[t]he court ... may dismiss the case if satisfied that the action is frivolous or malicious."
 
 
 [4]
 The appellant appears before us pro se and accordingly we construe his pleadings liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988)
 
 
 [5]
 Further, as the magistrate noted, the appellee's actions that form the basis of the appellant's claims were not prohibited by § 1981. Section 1981 guarantees to all citizens the equal right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Appellant here did not allege actions violative of these proscriptions
 
 
 [6]
 There are only three references to race in the complaint. First, the appellant described himself as being of "Asian/Philippeno [sic]" heritage. Second, the appellant alleges that he informed the appellee of racial remarks that jurors had made to him. Third, the appellant complains that no minorities were empaneled on his jury. None of these references suggest that the appellee acted with any racial or class-based discriminatory animus
 
 
 [7]
 The prosecutor is a state actor who is entitled to immunity for actions taken in his official capacity. Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976). Accordingly, if the appellant is determined to have alleged sufficient facts to establish a conspiracy between the appellee and the prosecutor, the appellee can be found to have acted under color of state law for purposes of Section 1983. See Tower, 467 U.S. at 923
 The appellant, in order "to show discrimination and conspiracy in the action," alleged that the prosecutor and the appellee: (1) were related through marriage; (2) had or were representing members of the jury in unrelated legal matters; (3) knew of and allowed perjured testimony to be admitted at trial; (4) knew of and failed to object to violations of the exclusionary rule; and (5) knew of the pretrial publicity but failed to move for a change of venue.