989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael C. WASHINGTON, Plaintiff-Appellant,
v.
Russell HALL, Judge; Doug Friesen, Attorney; Ronald M.
Shaw, Defendants-Appellees.
 No. 92-6258.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This suit for damages and injunctive relief under 42 U.S.C. §§ 1983 and 1985(3) arises from an Oklahoma state court proceeding to declare the daughter of the plaintiff-appellant, Michael Washington, "deprived" as to her mother under Okla.Stat.Ann. tit. 10, § 1101. Washington, who is incarcerated at the Oklahoma State Penitentiary, brought this suit pro se against Doug Friesen, his court-appointed attorney; Russell Hall, an Oklahoma juvenile court judge; and Ronald Shaw, an Oklahoma County juvenile intake officer. He contended that the defendants deprived him of his constitutional rights by granting custody of his daughter to her maternal grandmother without his consent and without permitting him to attend the deprivation hearings. He also asserted that his appointed counsel was constitutionally ineffective. As a remedy, Washington sought (1) a declaratory judgment that the defendants' acts infringed upon his constitutional rights, (2) an injunction enjoining "further like behavior and unconstitutional practice," (3) $100,000 in damages from each defendant, and (4) a jury trial. Tab 2 at 5.
 
 
 2
 The district court referred the case to a magistrate judge, who recommended that Washington's claims for damages against the judge be dismissed on the ground of judicial immunity and that Washington's request for an injunction be denied under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). The magistrate also recommended granting summary judgment on Washington's conspiracy claims in favor of the remaining two defendants on the ground that Washington's claims of conspiracy were unsupported by factual allegations. Finally, the magistrate recommended that the court dismiss Washington's ineffective assistance of counsel claims on the ground that he had no constitutional right to counsel in the deprivation proceedings, and that the provision of ineffective assistance--assuming that it was ineffective--therefore did not violation the Constitution.
 
 
 3
 The district court agreed with the magistrate, and dismissed the complaint against Friesen and Shaw under Federal Rule of Civil Procedure 56 and the complaint against Judge Hall under 28 U.S.C. § 1915(d) as frivolous. The court also denied injunctive relief under Younger.
 
 
 4
 Washington now appeals the dismissal of his complaint, contending that the district court erred in referring the case to a magistrate judge and in adopting the magistrate's findings and conclusions. He further asserts that the magistrate judge should have held an evidentiary hearing prior to entering findings and conclusions. Because we believe that the case was properly referred to the magistrate and because no evidentiary hearing was necessary to decide the issues, we affirm the district court.
 
 I. REFERENCE TO MAGISTRATE JUDGE
 
 5
 Washington first contends that the district court erred in referring his case to a magistrate judge. Washington argues that because his complaint did not challenge a condition of confinement, reference to the magistrate was not authorized by 28 U.S.C. § 636(b)(1)(B). Regardless of whether Washington's petition challenges a condition of confinement, reference of his case was clearly permissible under § 636(b)(1)(B), which provides another ground for reference to a magistrate. Under § 636(b)(1)(B), a district court may designate a magistrate to conduct evidentiary hearings on and to submit proposed findings of facts and recommendations for the disposition of motions excluded in § 636(b)(1)(A). Among the motions excluded in § 636(b)(1)(A) are "motion[s] ... for summary judgment ... and to involuntarily dismiss an action." In Washington's case, all three defendants submitted motions to dismiss the case, and in addition, Shaw and Friesen moved for summary judgment. Docs. 11, 13, 17, 19, 35, 36, 37. The district court's designation of a magistrate to make proposed findings of fact and conclusions of law was therefore proper. Because the district court's order dismissing all of Washington's claims [Doc. 49] and its order denying Washington relief from the judgment under Federal Rule of Civil Procedure 60(b)(4) [Doc. 52] show that the district court independently reviewed the record before adopting the magistrate's recommendations, we find no error in the court's reference of the case to the magistrate.
 
 
 6
 II. MAGISTRATE'S FAILURE TO CONDUCT AN EVIDENTIARY HEARING
 
 
 7
 Washington also contends that the magistrate should have held an evidentiary hearing prior to recommending the dismissal of his case, and that the district court therefore erred in adopting the magistrate's findings of fact and recommendations. We disagree.
 
 
 8
 An evidentiary hearing is not required in every case before the district court can enter summary judgment. Kennedy v. Meacham, 540 F.2d 1057, 1061 (10th Cir.1976). "A well-developed showing by affidavits, exhibits, regulations and the responses to them might demonstrate, without factual dispute, such limited actions by defendants and such a justification for them as to obviate the need for an evidentiary hearing." Id. Of course, in such a case the defendants still must carry the heavy burden of justifying summary judgment. Id. (citations omitted).
 
 
 9
 Because all of Washington's claims could be decided as a matter of law, an evidentiary hearing was unnecessary. In his complaint and amended complaint, Washington essentially made six allegations: (1) that the three defendants conspired in violation of 42 U.S.C. § 1985(3) to deprive Washington of his right to a due process hearing before the court granted custody of his daughter to her maternal grandmother; [Tab 2 at 3] (2) that the three defendants conspired in violation of the Fourteenth Amendment and 42 U.S.C. § 1985(3) to deprive Washington of his fundamental right to seek custody of his daughter and infringed upon his right to equal protection of the laws of the state of Oklahoma; [Tab 2 at 4] (3) that Judge Hall conspired with Friesen, Washington's court appointed attorney, to deprive Washington of his constitutional rights under the Sixth and Fourteenth Amendments and under 42 U.S.C. §§ 1983, 1985(3) [Tab 28 at 3]; (4) that Friesen rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments; [Tab 2 at 3] (5) that Friesen intentionally failed to file a petition for writ of habeas corpus ad testificandum to have Washington brought to the hearing, even though Washington had instructed him to do so, thus infringing upon Washington's right to a fair and impartial hearing; [Tab 2 at 4A] and (6) that Friesen intentionally and negligently deprived Washington of his civil rights under the Constitution and under 42 U.S.C. § 1983, because Friesen refused to make a motion asking the court to place Washington's daughter in Washington's custody [Tab 2 at 4A]. Even construing these claims liberally as we must, because the plaintiff is proceeding pro se, Haines v. Kerner, 404 U.S. 519, 520 (1972), we find that Washington is not entitled to relief.
 
 1. The Conspiracy Counts
 
 10
 Washington's first three claims allege that Hall, Shaw, and Friesen conspired in violation of 42 U.S.C. § 1985(3) to deprive Washington of various constitutional rights.[1] In order to prove a private conspiracy in violation of § 1985(3), the plaintiff must show, among other things, that " 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action.' " Bray v. Alexandria Women's Health Clinic, 113 S.Ct. 753, 758 (1993) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). However, nowhere does Washington allege that Shaw, Hall, and Friesen were motivated by a desire to discriminate because of Washington's membership in a particular race or a particular class. The district court therefore properly granted summary judgment on and dismissed Washington's three conspiracy claims and his request for monetary and injunctive relief, and Washington was not entitled to an evidentiary hearing on those claims.
 
 2. The § 1983 Claims
 
 11
 In his last three counts Washington alleges that Friesen violated his right to effective assistance of counsel under the Sixth and Fourteenth Amendments, his right to a fair and impartial hearing, and his civil rights generally. Title 42 U.S.C. § 1983 provides that "[e]very person" who acts "under color of" state law to deprive another of constitutional rights shall be liable in a suit at law or equity. Although appointed attorneys in state criminal proceedings do not act under color of state law in the normal course of conducting the defense, Polk County v. Dodson, 454 U.S. 312, 319-324 (1981), they may act under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights, Tower v. Glover, 467 U.S. 914, 920 (1984) (citing Dennis v. Sparks, 449 U.S. 24, 28 (1980)). The same rule applies here, where Defendant Friesen was appointed to represent Washington in a hearing to adjudicate his child as deprived under Okla.Stat.Ann. tit. 10, § 1101, as to the mother. Cf. Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir.1986) (applying the reasoning of Polk County to case involving a guardian ad litem representing a minor in a state proceeding on a petition alleging abuse or neglect).
 
 
 12
 Washington does allege, albeit in other counts of his complaint, that Friesen conspired with Judge Hall, who is clearly a state actor. However, Washington makes only conclusory allegations of conspiracy unsupported by facts. When a § 1983 plaintiff attempts to assert the necessary state action by implicating state judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983); see Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230-31 (10th Cir.1990); Reed v. Dunham, 893 F.2d 285, 287 (10th Cir.1990); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983). The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as is the state court judge here. Sooner Products, 708 F.2d at 512.
 
 
 13
 The only allegation Washington makes in support of his conspiracy theory is that Judge Hall forbade Friesen to file a petition for writ of mandamus with the Oklahoma Supreme Court to obtain an order mandating that Washington be brought to the hearings pertaining to the custody of his daughter. Tab 2 at 4, 4A; Tab 42 at 7. Judge Hall apparently told Friesen that his appointment did not include appellate work. Tab 42 at C. We agree with the district court and the magistrate that this allegation is insufficient to show a meeting of the minds or agreement between Hall and Friesen. Because Washington failed to adequately allege a conspiracy between Friesen and a state actor, Friesen remains a private actor not subject to § 1983 liability.[2] The district court therefore properly dismissed Washington's claims for relief under § 1983.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that in the claim for relief that we have renumbered Count 3, Washington also contends that Judge Hall conspired with Friesen to deprive him of his constitutional rights under the Sixth and Fourteenth Amendments under 42 U.S.C. § 1983 as well as under § 1985(3) [Tab 28 at 3]. Because a conspiracy claim under § 1983 requires the proof of different elements than a conspiracy claim under § 1985(3), we will discuss Washington's § 1983 conspiracy claim in the next section
 
 
 [2]
 By the same token, because Washington inadequately alleged facts supporting his claim under Count 3 that Hall and Friesen conspired in violation of § 1983 to deprive him of his Sixth and Fourteenth Amendment rights, we hold that the district court properly dismissed his § 1983 conspiracy claim without first holding a hearing on the matter