30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mickey Dean DOUGLAS, Plaintiff-Appellant,
v.
E. Alvin SCHAY, Defendant-Appellee.
 No. 93-6404.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a pro se civil rights action brought pursuant to 42 U.S.C.1983. Plaintiff-Appellant Mickey Dean Douglas ("Douglas") seeks damages against Defendant-Appellee E. Alvin Schay, a public defender, for the costs Douglas' family incurred in hiring private counsel to pursue Douglas' direct criminal appeal.[2] Douglas alleges that he was forced to hire private counsel when Schay's office informed him that, due to budgetary constraints, it might take two years for it to prepare an appellate brief. Douglas acknowledged that Schay's office presented the alternative option of the Oklahoma Court of Criminal Appeals' so-called "fast track" appeals procedure.[3]
 
 
 3
 After adopting the magistrate judge's recommendation, the district court dismissed Douglas' complaint pursuant to 28 U.S.C.1915(d). We review the court's dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Because Douglas appears pro se, we construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 4
 In dismissing Douglas' 1983 complaint, the district court relied on Polk County v. Dodson, 454 U.S. 312, 325 (1981), which held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." However, Douglas alleges that Schay conspired with state officials to deprive Douglas of his constitutional rights. See Tower v. Glover, 467 U.S. 914, 920 (1984) (holding that a public defender acts "under color of state law" when engaged in a conspiracy with state officials).
 
 
 5
 We recently outlined our analytical approach to such conspiracy claims:
 
 
 6
 We recognize the inherent difficulty of producing direct evidence of a conspiracy and therefore proceed with caution in considering a pre-trial dismissal of [such a claim]. See Fisher v. Shamburg, 624 F.2d 156, 162 (10th Cir.1980). At the same time, however, we have held that "[w]hen a plaintiff in a 1983 action attempts to assert the necessary state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983). In fact, Sooner Products instructs that the pleadings "standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges" [named in Douglas's suit]. Id.
 
 
 7
 Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.1994). Because Douglas presents no facts establishing an agreement or meeting of the minds between Schay, the Oklahoma Court of Criminal Appeals, and the Attorney General of Oklahoma, he fails to satisfy the standard articulated in Hunt.
 
 
 8
 Nor can Douglas overcome Polk County by relying on Harris v. Champion, 15 F.3d 1538 (10th Cir.1994). In Harris, we considered state inmates' federal habeas corpus petitions alleging numerous constitutional violations arising from the Oklahoma appellate public defender's delay in preparing briefs for the inmate's direct criminal appeals. Unlike the plaintiffs in Harris, Douglas seeks damages against a public defender under 1983 and does not seek federal habeas corpus relief against numerous state actors.
 
 
 9
 For these reasons, we AFFIRM the district court's judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We grant Douglas's request to proceed in forma pauperis and his application for a certificate of probable cause
 
 
 [3]
 Under this procedure, the appellant does not file a brief, but instead submits to the reviewing court three issues on a form with citation to the relevant portions of the record and to pertinent authorities. The court then sets the appeal for oral argument and affords each side fifteen minutes to present arguments