**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MATTHEW BUTCH PENNER, an
individual, and all others similarly
situated,

        Plaintiff - Appellant,

v.

TOM CORDELL, an individual;
JEROMY E. BROWN; JOHN
BLODGETT, an individual; and others
similarly situated to Messrs. Cordell
and Brown,

        Defendants - Appellees.

No. 05-6003

(D.C. No. 04-CV-1130-W)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Matthew Penner was involved in an automobile accident in McClain County, Oklahoma, in 1999. Following the accident, Mr. Penner and his brother sued the Board of County Commissioners in state court. They alleged McClain County workers failed to warn drivers adequately of construction in the roadway. That action was dismissed without prejudice in April of 2000. Later that year, the Penners sued the county again. Although the matter was set for trial, the Penners, once again, voluntarily dismissed the action. They later tried to reopen the case. That effort was unsuccessful as were their efforts to appeal to the Oklahoma Court of Civil Appeals.

In the complaint underlying this § 1983 action, Mr. Penner alleged that the county's lawyers (the individual defendants in this case) and the state trial judge conspired with the county to deprive him of certain constitutional rights during the state court proceedings. Defendants moved the district court to dismiss the action for failure to state a claim alleging, *inter alia*, that Mr. Penner failed to adequately allege that Defendants acted under color of state law. The district court granted Defendants' motion holding that Mr. Penner produced no evidence, or even sufficient allegations, that the individual lawyers and state court trial judge conspired to deprive him of any federal constitutional rights. Upon receipt of the district court's ruling, Mr. Penner filed a Rule 60(b) motion effectively asking the court to reconsider its prior ruling. The district court denied the

motion.  This appeal followed.

The legal sufficiency of a complaint is a question of law; therefore, a Rule 12(b)(6) dismissal is reviewed *de novo*.  *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (internal quotation omitted).

Mr. Penner, because of the underlying nature of his suit, was subject to a heightened pleading requirement:

> When a plaintiff in a § 1983 action attempts to assert the necessary "state action" by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.

*Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (internal citation omitted).

We have reviewed the parties' briefs, the relevant law, and the record on appeal.  In its November 1, 2004, Order, the district court correctly applied the relevant law to the facts of this case.  Indeed, we agree with the district court that "[t]here are no allegations advanced by [Mr.] Penner that demonstrate a plan to accomplish a common goal, preconceived and agreed upon by the alleged conspirators." Aple. Br., Tab 5, at 4 (Dist. Ct. Order).  For substantially the same

reasons as articulated by the district court in its well-reasoned November 1, 2004, Order, dismissal of Mr. Penner's case was proper.  In addition, for substantially the same reasons as articulated by the district court in its December 1, 2004, Order, we cannot say that the district court abused its discretion in denying Mr. Penner's Rule 60(b) motion.[1]  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).  Allowing Mr. Penner to amend would have been an exercise in futility.  *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001).

**AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]We deny Mr. Penner's motion to disqualify all the Tenth Circuit judges for this appeal.