Dennis Ray ROEMER, Plaintiff,

v.

SECURITY BANCSHARES, INC.,
et al., Defendants.

No. 97–4092–SAC.

United States District Court,
D. Kansas.

Sept. 16, 1997.

Dennis Ray Roemer, Grainfield, KS, pro se.

John R. Shirley, Wallace, Brantley & Shirley, Scott City, KS, for defendants.

MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendants' Rule 12(b) motion to dismiss for lack of subject matter jurisdiction and for

failure to state a claim upon which relief can be granted (Dk.5), the plaintiff's motion for summary judgment (Dk.8), and the plaintiff's motion for default judgment (Dk.11). The plaintiff appears pro se in bringing this action.

## NATURE OF THE ACTION

The plaintiff alleges this court has jurisdiction, because his action arises under the Constitution of the United States, 28 U.S.C. § 1331, and because he seeks to recover damages from the defendants for not preventing "any wrongs mentioned in section 1985 of Title 42," 28 U.S.C. § 1343. The plaintiff alleges that the defendant John Shirley, representing the Farmers State Bank of Oakley, Kansas, filed a petition for foreclosure against the plaintiff Roemer in the District Court of Gove County, Kansas. The plaintiff charges that the foreclosures action is "based on Fraudulent documents and information, inaccurate records, and obviously forged or altered documents." (Dk.1, ¶ 6). The plaintiff alleges the foreclosure action is "an attempt to perpetuate the apparently illegal, and unlawful lending practices of Farmers State Bank of Oakley, and the parent company Security Bancshares of Scott City," in violation of his constitutional rights. The plaintiff seeks monetary damages for these constitutional violations. The plaintiff names in his complaint the following counts without any supporting allegations: perjury of oath, deprivation of rights, duress, chilling effect doctrine, conspiracy, "extortrio (legal)," extortion, larceny by fraud or deception, and tort. (Dk.1, ¶¶ 11–13).

## MOTION FOR DEFAULT JUDGMENT (Dk.11).

■ The plaintiff moves for default judgment against the defendant Rohn E. Shellenberger. The plaintiff asserts that Shellenberger failed to file a responsive pleading within the time required. The court record demonstrates that Shellenberger did not waive service and that the plaintiff did not subsequently serve the defendant in accordance with Fed.R.Civ.P. 4(d) and (e). In addition, the motion to dismiss was a timely responsive pleading purportedly filed by all defendants. The plaintiff's motion for default judgment is denied.

## MOTION TO DISMISS (Dk.5).

Roemer did not file a response to the defendants' motion to dismiss within the twenty-day period required by D.Kan. Rule 7.1(b). "The failure to file a brief or response within the time specified within Rule 7.1(b) shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." D.Kan. Rule 7.4. Roemer makes no showing of excusable neglect in his response. "If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion." D.Kan. Rule 7.4.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686; *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v.*

*California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989).

■ Because the plaintiff appears pro se, the court must remain mindful of additional considerations. A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon,* 935 F.2d at 1110. Thus, if the pro se plaintiff's complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) (citation omitted). Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997).

■ The plaintiff's complaint consists entirely of conclusory allegations devoid of any factual context or content. The plaintiff's complaint is deficient in two serious respects. It does nothing more than quote the language of certain statutes governing federal jurisdiction. The complaint does not provide "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a)(1). It does nothing more than denominate by name the claims or "charges" against the different defendants. The complaint utterly fails to provide "a short and plain statement of the claim show-

ing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996). There are no allegations of fact to sustain any of the elements to the plaintiff's denominated charges. Nor does the plaintiff's response offer any facts to support any of his charges or allegations that his constitutional rights have been violated.

■ The plaintiff's complaint does not make clear the nature of the constitutional claims that he is bringing against the defendants in this action. Whether an action under 42 U.S.C. § 1983 or a direct action under the 14th Amendment,[1] the plaintiff's complaint still falls far short of alleging the requirements of either theory. To raise a constitutional claim, the plaintiff must allege "that the defendants acted under color of state law to deprive him of a constitutional right." *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir.1992) (citation omitted).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)). "'[P]urely private acts which are not furthered by an actual or purported state authority are not acts under color of state law.'" *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir.1995) (quoting *Barna v. City of Perth Amboy,* 42 F.3d 809, 816 (3rd Cir.1994)). The Supreme Court uses a two-part test to determine whether an action is attributable to the state:

First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

---

1. "[I]n § 1983 actions the statutory requirement of action 'under color of state law is just as broad as the Fourteenth Amendment's 'state action' requirement." *Hafer v. Melo,* 502 U.S. 21, 28, 112

S.Ct. 358, 363, 116 L.Ed.2d 301 (1991) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929, 102 S.Ct. 2744, 2749–50, 73 L.Ed.2d 482 (1982)).

*Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73 L.Ed.2d 482 (1982). In this case, there are no allegations of involvement of any state actors or any facts showing that the "defendants acted under color of state law."

■ Private misuse of state procedures or violations of state law does not amount to state action. *Cobb v. Saturn Land Co., Inc.,* 966 F.2d 1334, 1336 (10th Cir.1992). State action requires joint participation with state officials in the violative acts. "[T]he private defendant must still ' "make use of state procedures with the overt, *significant* assistance of state officials" ' in order to 'involve state action *"substantial enough* to implicate the Due Process Clause." ' " *Cobb,* 966 F.2d at 1337 (quoting *Connecticut v. Doehr,* 501 U.S. 1, 10, 111 S.Ct. 2105, 2112, 115 L.Ed.2d 1 (1991) (quoting in turn *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 486, 108 S.Ct. 1340, 1345, 99 L.Ed.2d 565 (1988))). The plaintiff does not allege that any state official assisted with the defendants' actions or that there was a conspiracy with a state official. *See Crabtree v. Muchmore,* 904 F.2d 1475, 1480–81 (10th Cir.1990) (Plaintiff must allege factual basis to support conspiracy between private individual and state official). Without such allegations, the plaintiff's constitutional claims concerning the state foreclosure proceeding must fail. *See, e.g. Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir.1983) (Attorney does not become a state actor merely because he is litigating on behalf of a client in a state forum); *Shaffer v. Cook,* 634 F.2d 1259, 1260 (10th Cir.1980), *cert. den.,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981) (There is no state action where the state does nothing but provide a forum for the adjudication of private interests).

■ Having concluded that Roemer's complaint fails to state a claim under the Fourteenth Amendment or 42 U.S.C. § 1983, we move on to consider whether it states a claim under 42 U.S.C. § 1985(3). The elements of a § 1985(3) claim include: "(1) the existence of a conspiracy (2) intended to deny them equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy." *Murray v. City of Sapulpa,* 45 F.3d 1417, 1423 (10th Cir.1995) (citations omitted). The plaintiff's complaint utterly fails to allege any facts tending to show agreement or concerted action. *See Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (For a conspiracy under § 1983, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action").

Section 1985(3) applies "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.' " *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)), *cert. denied,* 510 U.S. 1093, 114 S.Ct. 925, 127 L.Ed.2d 218 (1994). " '[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985.' " *Bisbee v. Bey,* 39 F.3d 1096, 1102 (10th Cir.1994) (quoting *Campbell v. Amax Coal Co.,* 610 F.2d 701, 702 (10th Cir.1979)), *cert. denied,* 515 U.S. 1142, 115 S.Ct. 2577, 132 L.Ed.2d 827 (1995). Devoid of any such allegations, Roemer's complaint must be dismissed.

Although dismissals under Rule 12(b)(6) typically occur only after the plaintiff is afforded notice and an opportunity to amend the complaint to cure the defective allegations, the court "may dismiss sua sponte 'when it is patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.' " *Hall,* 935 F.2d at 1110 (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir.1991)). Since there does not appear to be any reason for believing that the plaintiff could state a claim on which relief could be granted on these facts, the court will dismiss without giving the plaintiff an opportunity to amend his complaint.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss for failure to state a claim (Dk.5) is granted;

IT IS FURTHER ORDERED that the plaintiff's motion for default judgment (Dk.11) is denied;

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (Dk.8) is denied as moot.